UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JBC STRUCTURED PRODUCTS LLC,

                Plaintiff,

                                                   26-cv-3277 (PKC)

        -against-                              ORDER


NAVITAS SEMICONDUCTOR
CORPORATION,

                Defendant.
-------------------------------------------------------------x

CASTEL, Senior District Judge

        The limited subject matter jurisdiction of a district court is best addressed at the outset of a case.  It falls upon the Court to raise issues of subject matter jurisdiction <u>sua</u> <u>sponte</u>.

        The Complaint asserts subject matter jurisdiction based on diversity of citizenship in addition to federal question jurisdiction.  (Compl't ¶ 12.)  "It is firmly established that diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record."  <u>Leveraged Leasing Administration Corp. v. PacifiCorp Capital, Inc.</u>, 87 F.3d 44, 47 (2d Cir. 1996) (internal quotation marks omitted).  "It is axiomatic that diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships."  <u>Washington National Insurance Co. v. OBEX Group LLC</u>, 958 F.3d 126, 133 (2d Cir. 2020) (internal quotation marks omitted).

        Where a complaint premised upon diversity of citizenship names a limited liability company as a party, it must allege the citizenship of natural persons who are members of the limited liability company as well as the place of incorporation and principal place of business

of any corporate entities that are members of the limited liability company.  See Platinum-Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 615 (2d Cir. 2019).

The Complaint alleges that plaintiff JBC Structured Products LLC is a limited liability company incorporated in Pennsylvania with its principal place of business in Pennsylvania.  (Compl't ¶ 14.)  The citizenship of the members of the LLC is not alleged.

Within fourteen (14) days of this Order, plaintiff shall amend its complaint to truthfully and accurately allege the citizenship of the plaintiff limited liability company, including the citizenship of any limited liability company that, in turn, is a member of the plaintiff.  The complaint must allege the citizenship of all natural persons who are members of the limited liability company at issue, and if any corporation is a member, the jurisdiction under whose laws it is incorporated and where it maintains its principal place of business.  If, by this date, plaintiff fails to allege complete diversity of citizenship, the action will be dismissed for lack of subject matter jurisdiction without further notice to any party.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
April 23, 2026

- 2 -